IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONSURU TIJANI,

        Plaintiff,                    No. CIV S-00-0069 RRB PAN P

      vs.

LOU BLANAS, et al.,

        Defendants.            <u>PRETRIAL ORDER</u>

_____/

        Pursuant to court order the parties have submitted pretrial statements. Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

<u>JURISDICTION/VENUE</u>

        Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. Venue is proper. There is no dispute over either jurisdiction or venue.

<u>JURY/NON-JURY</u>

        The parties have timely requested trial by jury.

/////

/////

/////

1

UNDISPUTED FACTS[1]

1. In October 1998 and during all times relevant to this action, plaintiff was housed as a pre-trial detainee in 4 West Block of the Sacramento County Main Jail (SCMJ), defendant Lou Blanas was Sacramento County Sheriff and defendant Duncan Brown was a Sacramento County deputy sheriff.

2. Defendant Brown was on duty October 7, 1998. On that date, there was a "shakedown" in 4 West block of the main jail at approximately 1:15 in the morning. At that time, the outside temperature was approximately 50 degrees Fahrenheit.

3. During the shakedown, defendant Brown helped unlock the doors of plaintiff's cell and an adjacent cell during the shakedown. Defendant Brown then became involved in a physical altercation with plaintiff's cell neighbor, inmate Todd (aka Stevens).

4. On October 13, 1998, plaintiff for the first time reported a head injury. In the report, he claimed he was injured Monday October 5, 1998, not Wednesday October 7, 1998. He never told medical staff he was hit in the lower back with a metal object.

5. Plaintiff subsequently filed a citizen's complaint in which he claimed that during the October 7, 1998, shakedown (1) he was battered and (2) inmates were held naked on the outdoor exercise for a long period in low temperatures to punish them for prior misconduct.

6. Defendants or their agents conducted an investigation and prepared a 200-page report. The report concluded plaintiff's allegations he was battered were unfounded based on the medical evidence, the denials of Brown, and Brown's alibi (that he could not have assaulted plaintiff as claimed because at the relevant time he was involved in an altercation with a different inmate).

7. During the shakedown the inmates, including plaintiff, were held 45 minutes to one hour in the outdoor recreation area.

---

[1] The statement of undisputed facts is taken from the findings and recommendations filed August 26, 2004 on cross-motions for summary judgment.

8. During the shakedown the inmates, including plaintiff, were strip-searched.

9. At all times relevant to this action, defendant Blanas had a policy of conducting shakedowns at SCMJ which permitted officers to conduct strip searches in the presence of officers bearing firearms, and the shakedown on October 7, 1998, was "routine" and conducted pursuant to that policy.

DISPUTED FACTUAL ISSUES

1. Whether defendant Brown had any physical contact with plaintiff during the October 7, 1998 shakedown.

2. Whether defendant Brown slammed plaintiff's head or any part of his body against a wall in the jail during the October 7, 1998 shakedown.

3. Whether defendant Brown caused injury to plaintiff during the shakedown.

4. Whether any jail official struck plaintiff in the back with a metal object during the shakedown.

5. Whether plaintiff was injured during the shakedown as a result of any acts or omissions by any defendant.

6. Whether the inmates, including plaintiff, were naked the entire time they were held in the outdoor recreation area, or whether each inmate, including plaintiff, was permitted to dress after being subjected in an individual strip-search lasting four to ten minutes.

7. Whether the shakedown was conducted with the intent to punish inmates for their bad "attitude" during a previous shakedown.

8. Whether policy governing shakedowns at the jail amount to "deliberate indifference" to inmates' constitutional rights.

9. Whether Blanas ratified or condoned the conditions plaintiff claims he endured during the shakedown.

DISPUTED EVIDENTIARY ISSUES

The admissibility of the following evidence may be disputed at trial:

3

1. Investigative Report by IAI into plaintiff's allegations, including transcriptions of witness interviews by investigator.

2. Plaintiff's Custody file as maintained by the County of Sacramento, including documentation of prior arrests and prior jail/prison time to show plaintiff's experience with jail procedures.

3. Plaintiff seeks an order for admission of videotape evidence of the incidents at bar.  But see Further Discovery, infra.

Motions in limine shall be filed and served not later than seven days prior to the date set for trial herein.

SPECIAL FACTUAL INFORMATION

Not applicable.

RELIEF SOUGHT

1. In the complaint, plaintiff seeks compensatory damages according to proof.

2. In addition, plaintiff seeks punitive damages according to proof.

POINTS OF LAW

The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations.  Trial briefs shall be filed with this court no later than ten days prior to the date of trial in accordance with Local Rule 16-285.

ABANDONED ISSUES

No issues have been abandoned.

WITNESSES

Both parties intend to call as witnesses in this action:

1. Deputy Mireles;

2. Sgt. Tran To;

3. Sgt. Peter James;

4

4. Deputy D. Morrissey.

Plaintiff anticipates calling, either in person or by deposition:

1. Leslie Lewis;[2]

2. Jerry Hamilton;[3]

3. Anthony Bluford;[4]

4. Dionne Johnson;

5. Mendy Bates-Tijani;

6. Dr. Ross Bates;

7. Kenneth Brody;

8. Kola Olagundoye;

9. Deputy Dwight Brown;

10. Sgt. Links;

11. Sgt. Parker;

12. Sgt. Bunce;

13. Deputy Van Aalst.

Plaintiff is referred to the provisions of the scheduling order filed May 7, 2002 with respect to obtaining the attendance of unincarcerated witnesses at trial.

Plaintiff also identified inmate Terry Joe Burton as a witness for trial. Plaintiff has not, however, complied with the requirements for obtaining the attendance of inmate witnesses at trial set forth in the May 7, 2002 scheduling order. Inmate Burton will not, therefore, be included on plaintiff's witness list.

---

[2] By order filed February 14, 2002, the district court granted plaintiff's motion to obtain the attendance of then-incarcerated witnesses Leslie Lewis, Jerry Hamilton, and Anthony Bluford. It appears from review of plaintiff's pretrial statement filed December 16, 2004 that these individuals are no longer incarcerated.

[3] See footnote 2, supra.

[4] See footnote 3, supra.

Plaintiff also seeks to compel testimony from the Sacramento County Psychology/Psychiatric counselor, employed at the time of the incident, who evaluated plaintiff. Plaintiff does not, however, know the name of this person nor has he made any showing that he made a timely discovery request to seek this information. For these reasons, the counselor will not be included on plaintiff's witness list for trial.

Defendants anticipate calling, either in person or by deposition:

1. Defendant Deputy Duncan Brown;
2. Cpt. Mark Iwasa;
3. Lt. Bill Kelly;
4. Sgt. G. Powers;
5. Robert McDaniel (Inmate – CDC)
6. Harvey Todd (Inmate – CDC)

Each party may call any witnesses designated by the other.

A. No other witness will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B. Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to pretrial;

/////

1          (2) The court and the opposing party were promptly notified upon
2          discovery of the witnesses;
3          (3) If time permitted, the party proffered the witnesses for deposition;
4          (4) If time did not permit, a reasonable summary of the witnesses'
5          testimony was provided to the opposing party.

EXHIBITS, SCHEDULES AND SUMMARIES

        Plaintiff anticipates offering:

        1. Plaintiff's complete medical records while housed at the Sacramento County Main Jail;

        2. Plaintiff's complete psychological/psychiatric evaluations while housed at the Sacramento County Main Jail;

        3. Prospective video surveillance of 4 West Block of the jail on October 7, 1998;

        4. Plaintiff's CDC 128 chrono verifying lower back problems;

        5. Plaintiff's state correctional medical records;

        6. Senior Sheriff Captain's response, signed by both a Captain and a Lieutenant, to prior inmate grievance complaint on procedure of shakedown and strip-searching in the elements of the weather.

        Defendants anticipate offering:

        A. Plaintiff's complete medical records as maintained by Sacramento County;

        B. Plaintiff's complete custody file;

        C. Internal Affairs Investigation Report 99-1A-01;

        D. Inmate Incident Report Number 0805588401 regarding inmate Todd X-Ref. 3487940 (aka Andre Stevens).

Both parties shall exchange copies of their exhibits by mail not later than thirty days prior to the date set for trial confirmation hearing.

/////

Each party will file any objections to exhibits ten days before trial. Each exhibit not previously objected to will be forthwith received into evidence. Plaintiff will use numbers to mark exhibits; defendant will use letters.

    A. No other exhibits will be permitted to be introduced unless:

        1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

        2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

    B. Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

        1. The exhibits could not reasonably have been discovered earlier;

        2. The court and the opposing party were promptly informed of their existence;

        3. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to bring an original and one copy of each exhibit to trial. The original exhibit becomes the property of the court for purposes of trial. The copy is for bench use during trial.

DISCOVERY DOCUMENTS

Plaintiff anticipates the use of defendant Lou Blanas' responses and supplemental responses to interrogatories numbers 1 through 61 of plaintiff's interrogatories sets 1, 2 and 3.

1       Defendants anticipate the use of plaintiff's responses to interrogatories by
2 defendant Duncan Brown, set one; plaintiff's responses and objections to defendant Lou Blanas'
3 request for production of documents, set one; and the transcript of plaintiff's deposition taken
4 September 26, 2000.

5 FURTHER DISCOVERY OR MOTIONS

6       Discovery closed on August 9, 2002.

7       Plaintiff requests the court order defendants to submit into evidence any
8 videotapes of relevant events, but offers nothing to suggest such videotapes exist or that he made
9 a timely discovery request for production of such alleged videotapes.  Plaintiff also seeks an
10 order requiring the jail psychiatric counselor who examined him in October 1998 (name
11 unknown), be required to testify.  Plaintiff must file motions before the court can consider the
12 relief requested.

13       The parties anticipate filing motions in limine with regard to disputed evidentiary
14 issues.  Motions in limine must be filed seven days prior to the trial.

15 STIPULATIONS

16       At this time the parties have reached no stipulations.

17 AMENDMENTS/DISMISSALS

18       None.

19 SETTLEMENT NEGOTIATIONS

20       It appears that a settlement conference is not warranted in this case.

21 AGREED STATEMENTS

22       None.

23 SEPARATE TRIAL OF ISSUES

24       Not applicable.

25 /////

26 /////

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Plaintiff suggests appointment of a medical expert witness and a psychological/sociology expert witness. Such appointment is not warranted on the record before the court.

ATTORNEYS' FEES

Plaintiff seeks attorney's fees pursuant to Local Rule 54-293(c), but he is not represented by counsel. Defendants seek attorneys' fees.

TRIAL CONFIRMATION HEARING

A telephonic trial confirmation hearing is set before the Honorable Ralph R. Beistline, United States District Court for the District of Alaska, on December 15, 2006, at 10:00 a.m. Counsel for defendants shall contact chambers at 907-677-6257 to arrange the details of the telephonic hearing, and shall take all steps necessary to obtain from plaintiff at an appropriate time a telephone number where plaintiff can be reached for participation in the hearing.[5] All parties shall take any steps necessary to facilitate the hearing. The parties are cautioned that sanctions will be imposed for failure to comply with court orders.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for January 8, 2007, at 8:30 a.m. in Courtroom Nine of the United States District Court for the Eastern District of California, Sacramento Division, before the Honorable Ralph R. Beistline, United States District Court for the District of Alaska. Trial is anticipated to last three days.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively. The provisions of said local rules notwithstanding, the parties shall file proposed

---

[5] It appears from the record before the court that plaintiff is no longer detained in any correctional or immigration facility.

voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for trial.

MISCELLANEOUS

Counsel are directed to Local Rule 16-285 regarding the contents and the deadline for filing trial briefs.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fifteen days from the date of this order to file objections to same. If no objections are filed, the order will become final without further order of this court.

DATED: August 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
tija0069.pto